UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

Oscar Duncan Robles, Jaime Genao, *on behalf of themselves and others similarly situated*,

                    Plaintiffs,

v.

Luis Furniture #1 Inc., Luis Furniture #2 Inc. *doing business as* Amsterdam Furniture, Luis Torres, Nelly Lantigua, and Luis Furniture Style Corp.,

                    Defendants.

No. 20-CV-6951 (RA)

MEMORANDUM
OPINION & ORDER

---

RONNIE ABRAMS, United States District Judge:

Plaintiffs Oscar Duncan Robles and Jaime Genao bring this action against Luis Furniture #1 Inc., Luis Furniture #2 Inc., *doing business as* Amsterdam Furniture, Luis Torres, Nelly Lantigua, and Luis Furniture Style Corp., raising claims under the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL"). After engaging in arm's-length negotiations through the Southern District of New York's mediation program, the parties reached an agreement to resolve this litigation. *See* Dkts. 25, 27. For the following reasons, the parties' settlement agreement is approved.

## LEGAL STANDARD

District courts must scrutinize FLSA settlements to determine if they are fair and reasonable. *See Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, 201, 206 (2d Cir.

2015).¹ In doing so, courts must evaluate the totality of circumstances, including but not limited to: "(1) the plaintiff's range of possible recovery; (2) the extent to which the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses; (3) the seriousness of the litigation risks faced by the parties; (4) whether the settlement agreement is the product of arm's-length bargaining between experienced counsel and (5) the possibility of fraud or collusion." *Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012).

## DISCUSSION

Having reviewed the parties' proposed agreement, the letter in support of their motion for settlement approval, and the attorneys' fees, the Court finds that the settlement is fair and reasonable.

**I.    The Settlement Amount**

Under the proposed agreement, Defendants have agreed to pay Plaintiffs a total of $65,000, a portion of which ($22,263.34) is reserved for attorneys' fees and costs. Plaintiffs allege that they are entitled to total unpaid wages of approximately $143,581.38, $5,000 for each year in which Defendants filed fraudulent information the IRS, as well as wage and payroll notice penalties, interest, costs, and attorneys' fees. While the settlement amount is significantly lower than the alleged damages, Plaintiffs' recovery through litigation would depend on their ability to prevail at trial. Considering the "legal and evidentiary challenges that would face the plaintiffs in the absence of a settlement," *Lopez v. Poko-St. Ann L.P.*, 176 F. Supp. 3d 340, 342 (S.D.N.Y. 2016), the settlement amount is reasonable. Plaintiffs' counsel has represented that the settlement provides two additional benefits. First, Defendants have agreed to pay the

---

¹ Unless otherwise indicated, case quotations omit all internal citations, quotations, footnotes, and alterations.

settlement as a lump sum, rather than over the course of months or years, and second, Defendants have "repeatedly represented that they have limited finances and would be unable to pay a large settlement or satisfy a substantial judgment." Dkt. 27 at 3. Based on the totality of the circumstances, the Court finds the settlement amount to be reasonable. *See, e.g.*, *Wiles v. Logan Staffing Sols., Inc.*, No. 18-CV-9953 (RA), 2020 WL 996735, at *1 (S.D.N.Y. Mar. 2, 2020).

## II. Attorneys' Fees

The Court has also reviewed Plaintiffs' counsel's contemporaneous time records and approves the proposed attorneys' fees. "In an FLSA case, the Court must independently ascertain the reasonableness of the fee request." *Gurung v. White Way Threading LLC*, 226 F. Supp. 3d 226, 229–30 (S.D.N.Y. 2016). The agreement provides that Plaintiffs' counsel shall receive $21,368.34 in fees, which amounts to approximately one third of the settlement, and $895 in costs. "Courts regularly approve attorney's fees of one-third of the settlement amount in FLSA cases." *Meza v. 317 Amsterdam Corp.*, No. 14-CV-9007 (VSB), 2015 WL 9161791, at *2 (S.D.N.Y. Dec. 14, 2015) (collecting cases). In some cases, even one-third awards can be "simply too great" in relation to the work performed. *Larrea v. FPC Coffees Realty Co., Inc.*, No. 15-CV-1515 (RA), 2017 WL 1857246, at *6 (S.D.N.Y. May 5, 2017) (declining to approve an 11.4 multiplier of the lodestar). Here, the records submitted by Plaintiffs' counsel demonstrate their lodestar amount is $14,025.50, which results in a lodestar multiplier of approximately 1.52. Dkts. 27 at 5, 27-2. Courts in this district routinely approve lodestar multipliers above 1.5. *See Johnson v. Brennan*, No. 10-CV-4712 (CM), 2011 WL 4357376, at *20 (S.D.N.Y. Sept. 16, 2011) ("Courts regularly award lodestar multipliers from two to six times lodestar."); *Shapiro v. JPMorgan Chase & Co.*, No. 11-CV-7961 (CM), 2014 WL 1224666, at *24 (S.D.N.Y. Mar. 24, 2014) ("Lodestar multipliers of nearly 5 have been deemed

'common' by courts in this District."); *see also Pinzon v. Jony Food Corp.*, No. 18-CV-105 (RA), 2018 WL 2371737, at *3 (S.D.N.Y. May 24, 2018).

Accordingly, the Court concludes that these proposed attorneys' fees are reasonable as a fair percentage of the net award.

### III.    Release Provisions

The Court next finds that the release of claims provided for in the Agreement is appropriately limited in scope.  "In FLSA cases, courts in this District routinely reject release provisions that 'waive practically any possible claim against the defendants, including unknown claims and claims that have no relationship whatsoever to wage-and-hour issues.'"  *Gurung*, 226 F. Supp. 3d at 228 (quoting *Lopez v. Nights of Cabiria, LLC*, 96 F. Supp. 3d 170, 181 (S.D.N.Y. 2015)).  Here, Plaintiffs have agreed to release Defendants from claims "under the FLSA, the NYLL, and the Internal Revenue Code"  *See* Dkt. 27-1 ¶ 8(a).  This release of claims is limited to the issues asserted in this action or related claims that could have been asserted.  *See id.*  Similar releases are routinely approved.  *See Boyle v. Robert M. Spano Plumbing & Heating, Inc.*, No. 15-CV-2899 (KMK), 2016 WL 1688014, at *1 (S.D.N.Y. Apr. 27, 2016)*.*  Accordingly, the release provisions are approved.

### IV.    Non-Disparagement Provision

Finally, courts must carefully scrutinize confidentiality and non-disparagement provisions in FLSA settlement agreements in order to ensure that they do not undermine the broad remedial goals of the FLSA.  *See Nights of Cabiria*, 96 F. Supp. 3d at 180 n.65; *Lazaro-Garcia v. Sengupta Food Servs.*, No. 15-CV-4259 (RA), 2015 WL 9162701, at *3 (S.D.N.Y. Dec. 15, 2015).  The parties' proposed agreement does not contain a confidentiality provision. It does, however, obligate the parties to refrain from making any remarks that "reflect adversely on

the business affairs" of the Defendants or "impugn the character, honesty, [or] integrity" of the Defendants.  Dkt. 27-1 ¶ 9.  The non-disparagement clause contains a carve-out: it provides that Plaintiffs are not precluded "from making accurate statements concerning the Action and the allegations therein, or this Agreement."  Dkt. 27-1 ¶ 9. Non-disparagement clauses are not *per se* objectionable, and may be fair and reasonable so long as they "include a carve-out for truthful statements about plaintiffs' experience litigating their case."  *See Lazaro-Garcia*, 2015 WL 9162701, at *3; *see also Zhi Li Zhong v. Rockledge Bus Tour Inc.*, No. 18-CV-454 (RA), 2018 WL 3733951, at *3 (S.D.N.Y. Aug. 6, 2018) (approving non-disparagement clause that included such a carve-out); *Cortes v. New Creators, Inc.*, No. 15-CV-5680 (PAE), 2016 WL 3455383, at *4 (S.D.N.Y. June 20, 2016) (same).  Because the parties have included a satisfactory "carve-out," the Court concludes that the non-disparagement clause is fair and reasonable.

## CONCLUSION

For the reasons stated above, the Court approves the proposed settlement agreement. Dkt. 27-1.  Accordingly, the parties shall submit a signed version of the proposed order, dismissing the case with prejudice.  Dkts. 27 at 6, 27-1 at 14–15.

SO ORDERED.

Dated:   October 26, 2021
         New York, New York

                                               _____
                                               Ronnie Abrams
                                               United States District Judge